# JACINTO PEREZ

*v.*

## RAFAEL DIAZ AGUERRIA AND JOSE PEREZ Y FER-
## NANDEZ.

---

IN EQUITY—OPINION ON EXCEPTIONS TO THE ANSWER.

1. An answer to a bill of complaint is not sufficient if it merely states a
   legal conclusion.
2. A grant of letters to a personal representative in one country does not
   authorize him to act as such in another. He has no extraterritorial
   power. A foreign personal representative cannot sue in this jurisdic-
   tion without first taking out ancillary letters here.

May 3, 1901.

---

*Mr. J. M. Keedy,* solicitor for complainant.

*Messrs. Horton & Cornwell,* solicitors for defendants.

HOLT, Judge, delivered the following opinion:

This is a bill by the complainant, Jacinto Perez, as the heir of
Claudio Barro, to enjoin the defendant Rafael Diaz Aguerria,
who has sued as the executor of said Barro, in the further prose-
cution of two actions at common law pending in this court, upon
or on account of notes executed by one José Perez y Fernandez;
and the bill also seeks to enjoin said José Perez y Fernandez
from paying said Aguerria.

Perez v. Aguerria.

The denial in the answer is not sufficient to put in issue the right of the complainant to sue. It merely states a legal conclusion. The case is now submitted upon exceptions to the answer for insufficiency.

The bill avers that said executor had no power to sue in the United States provisional court for the Department of Porto Rico, and that therefore the prosecution of said ordinary actions should be enjoined. It appears that said Aguerria is a foreign executor, at least, it is not claimed otherwise in the answer. He was named as executor in a will in Spain; and if he qualified as such there, yet no ancillary testamentary letters have been taken out here, and it does not appear that he has been given the right in any way to sue here. A grant of letters in one country does not, at common law, authorize the personal representative to exercise any right over the decedent's property beyond the jurisdiction of the country where said letters were granted. There is no extraterritorial power. The representative can neither sue nor be sued out of the jurisdiction of the state from which he derives his authority, and to which he is responsible. In order to reach property in another state, or to collect debts there belonging to the estate, he must first obtain ancillary letters, and comply with the requirements of that jurisdiction. This is the rule in the absence of any statutory provisions in the jurisdiction where the representative sues. Halleck, International Law, p. 167.

The exception, therefore, to the answer for insufficiency is allowed.